**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**

CASE NO.:_____

World Wide Supply OÜ

       Plaintiff,

vs.

QUAIL CRUISES SHIP MANAGEMENT
a/k/a HAPPY CRUISES, S.A., JEWEL OWNER
LTD., and INTERNATIONAL SHIPPING
PARTNERS,

       Defendants.
_____/

## COMPLAINT

Plaintiff World Wide Supply OÜ, ("WWS" or "Plaintiff"), by its undersigned counsel, as and for its Verified Complaint against the Defendants, QUAIL CRUISES SHIP MANAGEMENT a/k/a HAPPY CRUISES, S.A. ("QUAIL"), JEWEL OWNER LTD. ("JEWEL") and INTERNATIONAL SHIPPING PARTNERS ("ISP") (collectively "Defendants"), upon information and belief alleges as follows:

### I. JURISDICTION AND VENUE

1.  This is a suit for unpaid provisions pursuant to an agreement between WWS and Defendants and comprises an admiralty and maritime claim pursuant to Rule 9(h) of the Federal Rules of Civil Procedure and 28 U.S.C. § 1333.

3.  Venue is proper because the Defendants' places of business and/or regular contacts are located within the Southern District of Florida, specifically Miami, Florida,

1

because they are subject to the personal jurisdiction of the court and because the allegations otherwise comply with 28 USC §1392.

## II. PARTIES

4. At all times material hereto, Plaintiff WWS was and still is a foreign business entity duly organized and existing under the laws of Estonia.

5. Defendant QUAIL was and still is a Bahamian business entity with a principal place of business at 2$^{\underline{a}}$ Planta, Calle Calereuga 79 28033 Madrid, Spain. QUAIL has meaningful and regular contact with the jurisdiction and regularly transacts business within the state of Florida. Moreover, QUAIL has purposefully availed itself of the rights and protections of Florida and that case is presently pending before Judge Huck at Case No.: 09-23248.

6. Defendant JEWEL, upon information and belief, was and still is a foreign business entity doing business in the state of Florida and has a principal place of business at 4770 Biscayne Blvd., Penthouse A, Miami, Florida, 33137.

7. At all times material hereto, Defendant ISP was and still is a domestic business entity and agent for QUAIL and JEWEL, with a principal place of business at 4770 Biscayne Blvd., Penthouse A, Miami, Florida 33137.

## III. GENERAL ALLEGATIONS

8. In 2011, Quail offered cruise passage to ticketed passengers aboard the M/V Gemini, cruising the Baltic and Northern European regions.

9. On or about March 23, 2011 Mr. Bienvenido Martínez, purchasing manager and agent of Happy Cruises S.A. on behalf of Quail requested, for the first time, a price quote for the summer season (May - October 2011).

10. Plaintiff's price proposal was sent to Martínez on April 8th, 2011 by Plaintiff's Head of Supply Department, Mr. Maksim Kedrin.

11. On the same day, Mr. Martínez notified Plaintiff that Martinez and Mr. Miguel Munir (General Manager and COO of Happy Cruises) would visit Plaintiff in Tallinn, Estonia the following week.

12. On or about April 13th, 2011 a meeting was held in Plaintiff's office in Tallinn at the address Miiduranna tee 46, Viimsi vald Miiduranna küla 74015 Estonia, with following persons present: Mr. Michail Dashkovsky (CEO of Plaintiff), Mr. Andrei Korobkov (Purchasing Director of Plaintiff), Mr. Maksim Kedrin (Head of Supply Dept. of Plaintiff), Mr. Bienvenido Martínez (Purchasing Director of Happy Cruises), and Mr. Miguel Munir (General Manager and COO of Happy Cruises).

13. Since Mr. Maksim already knew Mr. Munir from the time of employment in another cruise line, Pullmantur Cruises, the meeting was productive and after adjusting a small number of prices the parties came to a mutual agreement for WorldWide Supply to provide goods and services to M/V Gemini in ports of Tallinn and Copenhagen during the season of 2011.

14. By April 18th, 2011, Mr. Martinez had already sent information pertaining to invoices, such as mailing address for the invoices (Happy Cruises, S.A. C/ Caleruega, 79 – 2º 28033 – Madrid, Spain) and payer information (Happy

3

Cruises, S.A., Calle Aquilino de la Guardia, 8 – Edificio Igra, Ciudad de Panamá –Republica de Panama RUC 1679700)

15. On or about May 25th, 2011 WWS received the first Purchase Orders from Defendants to be supplied to M/V Gemini on May 28th, 2011 in port of Copenhagen, Denmark.

16. From May 25th - September 11th, 2011, acting as per Purchase Orders agreed to between the parties, WWS made a total of 18 deliveries for a total sum of EUR 366,337.82 in the ports of Tallinn and Copenhagen.

17. All goods were supplied directly to the vessel with deliveries done along-side.

18. All invoices and accompanying documents were clearly marked by vessel's officer regarding unconditional acceptance of the goods delivered.

19. Out of EUR 366,337.82, WWS received payments totaling EUR 243,215.54.

20. All payments were made by Quail Travel Group S.A. (located at C/ Caleruega, 79 – 2º 28033 – Madrid, Spain).

21. On October 10th, 2011, WWS Credit Control Department Manager Ms. Olga Lattemaa sent overdue invoice reminders with a request to proceed with the payment immediately to avoid us charging an overdue payment penalty if payment is not received by October 18th, 2011 (sent Mr. Gil Hontonares, Aministration Dept., with copy to Mssr. Miguel Munir, Bienvenido Martínez and Fernando Mayordomo, Commercial Director), for which we did not receive any response.

22. On November 1st, 2011 Plaintiff sent another reminder from Ms. Olga Lattemaa to Mr. Gil Hontonares, Administration Dept., with copy to Mssr. Miguel Munir, Bienvenido Martínez and Fernando Mayordomo, Commercial Director).

23. Again, no response was received.

24. On or about November 2nd, 2011 – Plaintiff's Ms. Olga Lattemaa sent a balance confirmation request to confirm outstanding amount.

25. Within two days the Defendants confirmed that the outstanding amount for Happy Cruises S.A. for €123,122.28.

26. However, the Defendants stated that they could not pay the balance at that time because there were no Happy Cruises S.A.'s representatives in the office until the following week.

27. On November 7th, 2011, Plaintiff's Ms. Olga Lattemaa sent a payment request to Defendants' Mr. Bienvenido Martínez (copy to Mr. Gil Hontonares and Mr. Miguel Munir), and received no reply.

28. On or about November 15th, 2011, Plaintiff's Ms. Olga Lattemaa sent a payment request and set a deadline of November 18th before litigation would commence.

29. On Nov 15, 2011, Defendants' Martinez wrote that in "our new manager, Mr. Jesus Milina will contact you to agree due payment."

30. November 18th, 2011 Mr. Maksim sent an email to Mr. Martinez informing Martinez that there was no contact from the Defendants and to request a meeting with Mr Molina in their Madrid office November 23rd or November 24th with Mr. Dashkovsky of WWS.

31. Mr. Martinez responded to Mr. Maksim and confirmed Mr. Molina will contact Plaintiff next Monday and would then try to confirm a date to meet with the Plaintiff.

32. But on November 24th, 2011, Martinez wrote that he had terminated his employment at Happy Cruises and that the new Manager of Quail Travel Group, SA, Mr. Jesus Molina, and the Financial Manager, Mr. Fernando Mayordomo, would negotiate and coordinate all matters related to Defendants' debt.

33. To date, no payment on the amount owed has been paid.

34. All of the Defendants were involved in the order, receipt, and/or purchase of the good and provisions supplied to the Vessel.

35. Defendants, in conjunction with each other, knew that none of these goods or services would ever be paid for and all conspired together to receive the goods and/or services from the Plaintiff without any intent to pay.

### IV. FIRST CAUSE OF ACTION
### BREACH OF CONTRACT

36. Plaintiff hereby re-alleges and reincorporates allegations from Paragraphs 1-34 as if fully set forth herein.

37. WWS was the supplier of necessaries, in the form of provisions to the Vessel M/V GEMINI and brings this action in order to recover amounts due and owing by Defendants.

38. Upon information and belief, at all material times, Defendant QUAIL was the charterer of the Vessel M/V GEMINI, Defendant JEWEL was the owner and/or operator of the Vessel and Defendant ISP was the administrative manager of

Jewel Owner Ltd., and the commercial and technical manager of the vessel Defendant Vessel.

39. Defendants have materially breached the agreement with Plaintiff by taking delivery of the provisions and failing to remit payment.

40. Plaintiff has sustained damages as a result.

## V. SECOND CAUSE OF ACTION
## ACCOUNT STATED

41. Plaintiff hereby re-alleges and reincorporates allegations from Paragraphs 1-34 as if fully set forth herein.

42. WWS issued its Invoices to Defendants for the total amount due and owing in connection with the provisions supplied to the Vessel.

43. Defendants retained the Invoices without objection or challenge.

44. In fact, Defendants paid part of the invoices.

45. More than a reasonable amount of time has elapsed, however the amount due and owing remains outstanding.

46. Accordingly, WWS is entitled to judgment for the outstanding amount.

## VI. THIRD CAUSE OF ACTION
## UNJUST ENRICHMENT/QUANTUM MERUIT

47. Plaintiff hereby realleges and reincorporates allegations from Paragraphs 1-34 as if fully set forth herein.

48. At the request of Defendants, Plaintiff undertook to provide necessary maritime services to Defendants' Vessel, the M/V GEMINI, by providing provisions.

49. Despite demands for payment for its services, an outstanding balance remains due and owing to Plaintiff.

50. Defendants, QUAIL, JEWEL, and ISP have inequitably benefited from their neglect, failure, and/or refusal to pay WWS the outstanding amount due and owing for the service provided by WWS at the request of, and for the benefit of, Defendants.

51. Defendants have unjustly received and retained the benefit of the services rendered by WWS.

52. Equity and good conscience require Defendants to pay Plaintiff damages which WWS has incurred and sustained for the benefit of Defendants.

## VII. FOURTH CAUSE OF ACTION -- FRAUD

53. Plaintiff hereby realleges and reincorporates allegations from Paragraphs 1-34 as if fully set forth herein.

54. Defendants represented they would pay for the goods and services they received.

55. Defendants had no intention of paying for the goods and services they received.

56. Defendants did not tell Plaintiff they had no intention of paying for the goods and services they received.

57. Plaintiff relied on the representation that it would be paid for the goods and/or services provided.

58. Upon this premise, Plaintiff provided goods and/or services to the Defendants.

59. Plaintiff has been damaged as a result.

## VII.  PRAYER FOR RELIEF

WHEREFORE, Plaintiff, WWS, prays:

A.     That judgment may be entered in favor of Plaintiff on its causes of action for balance owed, and interest thereon at the legal rate against Defendants and/or for any

other and further amount that later calculation may prove to be appropriate;

  B. That decree be entered in favor of Plaintiff and against Defendants for the total amount of Plaintiff's damages, together with interest, costs and attorneys' fees, including the fees incurred herein; and

  C. That Plaintiff has such other and further and different relief as this Honorable Court may deem just and proper under the circumstances.

Date: June 29, 2012
    Miami, Florida

                Respectfully Submitted,

                **MOORE & COMPANY, P.A.**

                Attorneys for Plaintiff

           By: **/s/ Scott Wagner**

                Scott Wagner, Esq.
                Fla. Bar No. 10244
                355 Alhambra Circle, Suite 1100
                Coral Gables, FL 33134
                Telephone: (786) 221-0600
                Facsimile: (786) 221-0601
                Email: swagner@moore-and-co.com